**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JAMES VOID, | : | |
| | : | Civil Action No. 08-1252 (RMB) |
| Petitioner, | : | |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| | : | |
| WARDEN FORT DIX FCI, | : | |
| | : | |
| Respondent. | : | |

**APPEARANCES:**

James Void, <u>Pro Se</u>
#16376014
F.C.I. Fort Dix
P.O. Box 38
Fort Dix, NJ 08640

**BUMB**, District Judge

Petitioner James Void, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241,[1] challenging the results of a prison disciplinary proceeding. The sole respondent is the Warden of FCI Fort Dix.

---

[1] United States Code Title 28, Section 2241, provides in pertinent part:
  (a) Writs of habeas corpus may be granted by
  the ... district courts ... within their
  respective jurisdictions ...
  (c) The writ of habeas corpus shall not
  extend to a prisoner unless- ... (3) He is in
  custody in violation of the Constitution or
  laws or treaties of the United States ... .

Petitioner also applied to proceed in forma pauperis.  Based on his affidavit of indigence, that request will be granted.

For the reasons set forth below, the Petition will be dismissed.

## BACKGROUND

The following facts are taken from the Petition and the attachments provided by Petitioner.

Petitioner was convicted and sentenced in federal court.  He is currently serving his sentence and is housed at the Federal Correctional Institution ("FCI") in Fort Dix, New Jersey.

On July 11, 2007, Petitioner was called to the security office to provide a urine sample.  Petitioner could not provide the sample.  Therefore, he was placed in the Special Housing Unit and was given two hours to provide a sample.  After two hours and fifteen minutes, Petitioner was able to provide the urine sample.  Petitioner argues that he has a medical problem urinating, especially with added pressure from prison staff.

On July 11, 2007, Petitioner was served with an Incident Report charging him with Refusing to Provide a Urine Sample, in violation of Bureau of Prisons ("BOP") Code 110.

On July 17, 2007, the Disciplinary Hearing Officer ("DHO") hearing was held.  Petitioner stated at the hearing: "I could not provide the sample within two hours.  I did give a sample fifteen minutes past the time limit, but they would not take it.  I had a

urine sample in October, 2006.  I have documented evidence that I had a previous injury that prohibited me from urinating, but it is not in my file."  (<u>See</u> DHO report, attached to Petition).

Petitioner waived the right to staff representation, and the DHO determined that Petitioner had committed the offense as charged.  The evidence relied on by the DHO included the reporting employee's documentation in the Incident Report, and Petitioner's own statement.  Based upon the greater weight of the evidence, the DHO ruled against Petitioner.  (<u>See</u> DHO report).

Petitioner was sanctioned to loss of 40 days Good Conduct Time ("GCT"), 60 days disciplinary segregation, and 180 days loss of visiting privileges.  Petitioner was given a copy of the hearing report on August 10, 2007.

Petitioner appealed to the Regional and Central Offices of the BOP.  Both offices denied his appeal and affirmed the DHO's decision and sanctions.  Petitioner provides copies of his administrative appeals and responses to each Office.

Petitioner filed this Petition on March 13, 2008.  He argues that he has a medical issue that prevented his urination within the two hours.  He asserts that his due process rights were violated by the result of the hearing.

**DISCUSSION**

**A.   Jurisdiction**

A habeas corpus petition is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement, Preiser v. Rodriquez, 411 U.S. 475, 498-99 (1973), including challenges to prison disciplinary proceedings that affect the length of confinement, such as deprivation of good time credits, Muhammad v. Close, 540 U.S. 749 (2004) and Edwards v. Balisok, 520 U.S. 641 (1997).  See also Wilkinson v. Dotson, 544 U.S. 74 (2005).  As Petitioner challenges a disciplinary proceeding that resulted in the loss of good time credits, this Court properly may exercise jurisdiction over that claim.

**B.   Standard of Review**

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  Amongst other requirements, a petition must "specify all the grounds for relief" and must "state facts supporting each ground."  See Rule 2(c) of the Rules Governing § 2254 Cases in the U.S. District Courts (amended Dec. 1, 2004) ("Habeas Rules"), made applicable to § 2241 petitions through Rule 1(b) of the Habeas Rules.

United States Code Title 28, Section 2243 provides in relevant part as follows:

4

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); see also 28 U.S.C. §§ 2243, 2255.

**C.   The Petition Will Be Dismissed.**

Convicted and sentenced prisoners retain the protections of the Due Process Clause of the Fifth and Fourteenth Amendments that the government may not deprive them of life, liberty, or property without due process of law. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974); Haines v. Kerner, 404 U.S. 519 (1972);

5

Wilwording v. Swenson, 404 U.S. 249 (1971).  Such protections are, however, "subject to restrictions imposed by the nature of the regime to which [prisoners] have been lawfully committed. ... In sum, there must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application."  Wolff, 418 U.S. at 556.

A liberty interest protected by the Due Process Clause may arise from either of two sources:  the Due Process Clause itself or from state or federal law.  See Hewitt v. Helms, 459 U.S. 460, 466 (1983); Asquith v. Department of Corrections, 186 F.3d 407, 409 (3d Cir. 1999).

Where the government has created a right to good time credits, and has recognized that a prisoner's misconduct authorizes deprivation of the right to good time credits as a sanction,[2] "the prisoner's interest has real substance and is sufficiently embraced within Fourteenth Amendment 'liberty' to entitle him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure

---

[2] The Constitution itself does not guarantee good time credits for satisfactory behavior in prison.  Congress, however, has provided that federal prisoners serving a term of imprisonment for more than one year, other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of their sentence based upon their conduct.  See 18 U.S.C. § 3624(b); 28 C.F.R. § 523.20.

6

that the state-created right is not arbitrarily abrogated." Wolff, 418 U.S. at 557.

Thus, a prisoner is entitled to an impartial disciplinary tribunal, Wolff, 418 U.S. at 570-71, excluding "only those [prison] officials who have a direct personal or otherwise substantial involvement ... in the circumstances underlying the charge from sitting on the disciplinary body." Meyers v. Alldredge, 492 F.2d 296, 306 (3d Cir. 1974).

To comply with the requirements of the Due Process Clause, prison officials also must provide a prisoner facing loss of good time credits with: (1) a written notice of the charges at least 24 hours prior to any hearing, (2) an opportunity to call witnesses and presented documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals, and (3) a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary action. See Wolff, 418 U.S. at 564-66. Prisoners do not have a due process right of confrontation and cross-examination, or a right to counsel, in prison disciplinary proceedings. See id. at 569-70. Where an illiterate inmate is involved, or the complexity of the issue makes it unlikely that the inmate involved will be able to collect and present the evidence necessary for an adequate comprehension of the case, the prisoner should be permitted to

seek the aid of a fellow inmate or appropriate staff member.  See id. at 570.[3]

Finally, due process requires that findings of a prison disciplinary official that result in the loss of good time credits must be supported by "some evidence" in the record. Superintendent, Massachusetts Correctional Institution at Wolpole v. Hill, 472 U.S. 445, 454-56 (1985); Young v. Kann, 926 F.2d 1396, 1402-03 (3d Cir. 1991).  The Supreme Court has stated:

> Prison disciplinary proceedings take place in a highly charged atmosphere, and prison administrators must often act swiftly on the basis of evidence that might be insufficient in less exigent circumstances.  The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact. Revocation of good time credits is not comparable to a criminal conviction, and neither the amount of evidence necessary to support such a conviction, nor any other standard greater than some evidence applies in this context.

Hill, 472 U.S. at 456 (internal citations omitted).

Petitioner argued at the DHO hearing that he had a medical problem concerning his ability to urinate.  The DHO took this statement into consideration.  Despite Petitioner's efforts, the DHO found him guilty of the charge.  The DHO based his decision

---

[3] The due process requirements of Wolff, as they relate to federal prisoners, have been codified in the Code of Federal Regulations at 28 C.F.R. § 541.10, et seq.  See, e.g., 28 C.F.R. § 541.14 (incident report and investigation); 28 C.F.R. § 541.16 (establishment and functioning of the Discipline Hearing Officer); 28 C.F.R. § 541.17 (procedures before the Discipline Hearing Officer).

8

on a credibility determination between the reporting officer and Petitioner's statement. The DHO found the reporting officer's testimony credible.

Upon reviewing this case, this Court finds that Petitioner received advance notice of the charges, was offered a staff representative, and was permitted to make a statement in his defense. Petitioner requested no witnesses on his behalf.

Based upon a review of the disciplinary proceedings as evidence in the record provided by Petitioner, this Court finds that there was clearly at least "some evidence" that Petitioner committed the offense, as Petitioner admitted that he was late in submitting the sample. Petitioner's claims regarding his medical condition were presented to the DHO, and on appeal to the Regional and Central Offices. His medical claim was not given sufficient weight to overcome the charge, as there was no documentation to evidence the medical condition.[4]

Therefore, this Court finds Petitioner's claims are without merit. Petitioner was afforded his due process rights, as he was given written notice of the charges against him, an opportunity to respond to those charges, and a hearing. While Petitioner disagrees with the findings of the DHO, this Court finds no

---

[4] Petitioner attaches to his Petition paperwork, completed after his appeals were denied, showing that he has scheduled a medical testing procedure with the FCI Health Services.

9

constitutional violation in either the disciplinary process or the sanctions imposed.[5]

## CONCLUSION

For the reasons set forth above, the Petition will be dismissed. An appropriate Order follows.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: May 30, 2008

---

[5] Permissible sanctions are outlined in 28 C.F.R. § 541.13. Here, the sanctions were within the limits prescribed in this regulation.