**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JAMES VOID, : | |
| : | Civil Action No. 08-1252 (RMB) |
| Petitioner, : | |
| : | |
| v. : | **O P I N I O N** |
| : | |
| WARDEN FORT DIX FCI, : | |
| : | |
| Respondent. : | |

**APPEARANCES:**

James Void, Pro Se
#16376014
F.C.I. Fort Dix
P.O. Box 38
Fort Dix, NJ 08640

**BUMB**, District Judge

    This matter is before the Court on Petitioner's Notice of Appeal, which seeks both reconsideration by this Court of this Court's Opinion and Order, dated May 30, 2008 (docket entries 5 and 6), and an appeal of the Opinion and Order to the Court of Appeals for the Third Circuit, specified by Fed. R. App. P. 4(a)4.  By Order dated August 4, 2008, the Court of Appeals for the Third Circuit entered a stay of the appeal pending this Court's disposition of the motion (docket entry 10).

    Having considered the motion pursuant to Fed. R. Civ. P. 78, the Court will deny the motion.

## BACKGROUND

On March 13, 2008, Petitioner filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241.  In the Opinion dated May 30, 2008, this Court summarized the background of the case, and copies it here for reference:

> Petitioner was convicted and sentenced in federal court.  He is currently serving his sentence and is housed at the Federal Correctional Institution ("FCI") in Fort Dix, New Jersey.
>
> On July 11, 2007, Petitioner was called to the security office to provide a urine sample.  Petitioner could not provide the sample.  Therefore, he was placed in the Special Housing Unit and was given two hours to provide a sample.  After two hours and fifteen minutes, Petitioner was able to provide the urine sample.  Petitioner argues that he has a medical problem urinating, especially with added pressure from prison staff.
>
> On July 11, 2007, Petitioner was served with an Incident Report charging him with Refusing to Provide a Urine Sample, in violation of Bureau of Prisons ("BOP") Code 110.
>
> On July 17, 2007, the Disciplinary Hearing Officer ("DHO") hearing was held.  Petitioner stated at the hearing: "I could not provide the sample within two hours.  I did give a sample fifteen minutes past the time limit, but they would not take it.  I had a urine sample in October, 2006.  I have documented evidence that I had a previous injury that prohibited me from urinating, but it is not in my file."  (See DHO report, attached to Petition).
>
> Petitioner waived the right to staff representation, and the DHO determined that Petitioner had committed the offense as charged.  The evidence relied on by the DHO included the reporting employee's documentation in the Incident Report, and Petitioner's own statement.  Based upon the greater weight of the evidence, the DHO ruled against Petitioner.  (See DHO report).

>       Petitioner was sanctioned to loss of 40 days Good
> Conduct Time ("GCT"), 60 days disciplinary segregation,
> and 180 days loss of visiting privileges.  Petitioner
> was given a copy of the hearing report on August 10,
> 2007.
>
>       Petitioner appealed to the Regional and Central
> Offices of the BOP.  Both offices denied his appeal and
> affirmed the DHO's decision and sanctions.  Petitioner
> provides copies of his administrative appeals and
> responses to each Office.
>
>       Petitioner filed this Petition on March 13, 2008.
> He argues that he has a medical issue that prevented
> his urination within the two hours.  He asserts that
> his due process rights were violated by the result of
> the hearing.

(Opinion, docket entry 5, at pp. 2-4).

This Court determined that it had jurisdiction to entertain the petition, as Petitioner was sanctioned with a loss of good conduct time; that Petitioner had been afforded his due process rights, as he was given written notice of the charges, an opportunity to call witnesses and present evidence in his defense, and a written statement by the factfinders as to the evidence relied upon for their decision; and that there was "some evidence," based on the record provided by Petitioner, that Petitioner committed the infraction.  Thus, this Court dismissed the Petition.

In his "Notice of Appeal/Reconsideration" (docket entry 8), Petitioner reargues that the taking of the 40 days of good conduct time was unwarranted, as there are "medical records that indicate what is claimed is true and correct, moreover, there is

3

a letter from the outside Doctor who has found this problem to be factual and copy of this letter from the Doctor is attached hereto." Petitioner asks that "the attached letter from the Doctor be presented into evidence and the case put before the Bench for reconsideration."

As noted in this Court's May 30, 2008 Opinion, after Petitioner's administrative appeals were denied, he scheduled a medical testing procedure with the FCI Health Services. (Opinion, p. 9 at n.4). In fact, the reports attached to the Notice of Appeal/Reconsideration are dated June 4, 2008, after the Opinion and Order in this case was issued. (Docket entry 8-2).

## DISCUSSION

**A.  Rule 59(e)**

Federal Rule of Civil Procedure 59(e) states: "A motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment." Generally, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) to correct manifest errors of law or fact upon which the judgment was based; (2) to present newly-discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) an intervening change in prevailing law. See 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995); see also Harsco Corp. v.

4

Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)(purpose of motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence), cert. denied, 476 U.S. 1171 (1986).  "To support reargument, a moving party must show that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." Assisted Living Associates of Moorestown, L.L.C., v. Moorestown Twp., 996 F. Supp. 409, 442 (D.N.J. 1998).  However, mere disagreement with the district court's decision is inappropriate on a motion for reargument, and should be raised through the appellate process.  See id. (citing Bermingham v. Sony Corp. of America, Inc., 820 F. Supp. 834, 859 n.8 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994); G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990)).  "The Court will only entertain such a motion where the overlooked matters, if considered by the Court, might reasonably have resulted in a different conclusion." Assisted Living, 996 F. Supp. at 442.  Accordingly, a district court "has considerable discretion in deciding whether to reopen a case under Rule 59(e)."  Edward H. Bohlin, Co. v. Banning Co., Inc., 6 F.3d 350, 355 (5th Cir. 1993).

In this case, Petitioner seeks to have his case reopened based on newly discovered evidence concerning his prostate problem, obtained in June of 2008, which, he believes, warrants reconsideration of this Court's Opinion and Order, dated May 30,

2008. However, Petitioner's recently acquired medical records, documenting tests performed in June of 2008, does not alter this Court's Opinion concerning whether or not his due process rights were afforded at his July, 2007, disciplinary hearing. In July 2007, at the disciplinary hearing, Petitioner admitted that his urine sample was late, and admitted that he had a medical problem with urinating on command, but that documents were not in his record at that time. Thus, in July, 2007, the DHO's findings, taking into account the records available at the time, were supported by at least "some evidence" in the record. This Court has reviewed the disciplinary proceeding and has found it to be accord with the federal requirements for due process as noted in <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974).

Therefore, because nothing Petitioner presents in support of his motion suggests that the Court has overlooked key evidence with regard to due process concerns at the disciplinary hearing, or that this Court has made a fundamental error in law, his motion to alter or amend judgment will be denied.

**B.** **Rule 60(b)**

Rule 60(b) provides, in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic),

>misrepresentation, or misconduct by an opposing party;
>(4) the judgment is void; (5) the judgment has been
>satisfied, released, or discharged; it is based on an
>earlier judgment that has been reversed or vacated; or
>applying it prospectively is no longer equitable; or
>(6) any other reason that justifies relief.

"The general purpose of Rule 60(b) ... is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." Boughner v. Sec'y of Health, Educ. & Welfare, 572 F.2d 976, 977 (3d Cir. 1978) (quoted in Coltec Industries, Inc. v. Hobgood, 280 F.3d 262, 271 (3d Cir. 2002)).

>A motion filed pursuant to Rule 60(b) is
>"addressed to the sound discretion of the trial court
>guided by accepted legal principles applied in light of
>all the relevant circumstances."  Rule 60(b), however,
>"does not confer upon the district courts a
>'standardless residual of discretionary power to set
>aside judgments.'"  Rather, relief under Rule 60(b) is
>available only under such circumstances that the
>"'overriding interest in the finality and repose of
>judgments may properly be overcome.'"  "The remedy
>provided by Rule 60(b) is 'extraordinary, and [only]
>special circumstances may justify granting relief under
>it.'"

Tischio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998) (internal citations omitted).

Relief is available only in cases evidencing extraordinary circumstances.  See Ackermann v. United States, 340 U.S. 193 (1950); Stradley v. Cortez, 518 F.2d 488, 493 (3d Cir. 1975).  A motion under Rule 60(b)(6) "must be fully substantiated by adequate proof and its exceptional character must be clearly

7

established." FDIC v. Alker, 234 F.2d 113, 116-17 (3d Cir. 1956).

To the extent a moving party seeks to relitigate the court's prior conclusions, Rule 60(b) is not an appropriate vehicle. "[C]ourts must be guided by 'the well established principle that a motion under Rule 60(b) may not be used as a substitute for appeal.' It follows therefore that it is improper to grant relief under Rule 60(b)(6) if the aggrieved party could have reasonably sought the same relief by means of appeal." Martinez-McBean v. Government of Virgin Islands, 562 F.2d 908, 911 (3d Cir. 1977) (citations omitted).

In this case, nothing presented by Petitioner challenges this Court's determination that Petitioner was afforded constitutionally-adequate due process at his disciplinary hearing in July of 2007. The medical records provided by Petitioner with his Notice of Appeal/Reconsideration were obtained almost one year after his disciplinary hearing occurred, and do not alter this Court's Opinion that Petitioner was afforded due process at the time.

Therefore, with regard to a Rule 60(b) motion, Petitioner has not demonstrated that he is entitled to relief from this Court's judgment of May 31, 2008. He simply seeks to introduce evidence of his innocence, obtained one year after the disciplinary hearing which was subject to review in this habeas

petition.  Thus, Petitioner is not entitled to relief under either Rule 59(e) or 60(b) and his motion(s) will be denied.

## **CONCLUSION**

For the reasons set forth above, Petitioner's motion, labeled "Notice of Appeal/Reconsideration," is hereby denied.  An appropriate Order accompanies this Opinion.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

DATED: August 14, 2008